# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HALO BONTLY, | Case No.: 2:23-cv-02025-APG-EJY |
| Plaintiff | **Order (1) Denying Defendants' Motion to Dismiss Plaintiff's** |
| v. | **Second Amended Complaint and** |
| AUDI OF AMERICA, LLC; VOLKSWAGEN GROUP OF AMERICA, INC., and AUDI AG, | **(2) Granting Plaintiff's Motion to Extend Time to File a Response** |
| Defendants | [ECF Nos. 29, 31] |

Halo Bontly is suing Audi of America, LLC and Volkswagen Group of America, Inc. (collectively, Audi)[1] over a faulty 2017 Audi S6 Prestige (Vehicle) that he purchased in November 2020. I previously dismissed Bontly's fraud-based claims and his request for punitive damages in the first amended complaint and granted him leave to file a second amended complaint curing the defects I had identified. *Id.* ECF No. 26 at 11-12. I allowed Bontly to proceed on his claims for breach of express warranty for a manufacturing defect, unjust enrichment based on the purchase of the engine from Cascade German, and breach of implied warranty of merchantability. *Id.*

Bontly filed a second amended complaint (SAC) that realleges his breach of express warranty, breach of implied warranty, and unjust enrichment claims. ECF No. 28. The SAC

---

[1] The second amended complaint also lists "Audi AG" as a defendant. ECF No. 28. Audi AG has not appeared in this matter or made any responsive filing. At the hearing on the defendants' motion to dismiss the first amended complaint, Bontly represented that Audi of America, LLC and Volkswagen Group of America, Inc. are the proper defendants in this case and that the case can proceed without Audi AG. *See* ECF No. 27 at 5-6. Bontly does not suggest otherwise in the second amended complaint or in his briefing. Accordingly, I order the clerk of court to terminate Audi AG as a defendant in this case.

adds claims for violation of the Nevada Deceptive Trade Practices Act (NDTPA) and civil conspiracy. The SAC again requests punitive damages. Audi moves to dismiss Bontly's request for punitive damages and his civil conspiracy claim.[2] ECF No. 29. It also moves to strike Bontly's civil conspiracy claim and allegations supporting additional damages for other claims alleged in the SAC. For the reasons below, I deny Audi's motions.

## I. LEGAL STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I take all well-pleaded allegations of material fact as true and construe them in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint's factual allegations must establish a plausible, not merely conceivable, entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Conclusory allegations of law are insufficient to defeat a motion to dismiss. *Id.* at 570.

## II. ANALYSIS

### A. *I deny Audi's motion to dismiss Bontly's civil conspiracy claim because the SAC plausibly pleads that Audi and its dealerships agreed to deny Bontly recovery under Audi's warranty.*

Audi argues that Bontly fails to state a civil conspiracy claim under Nevada law because he does not identify any underlying unlawful objective or plead facts showing an agreement to accomplish an unlawful objective. It also argues that the intra-corporate conspiracy doctrine bars his conspiracy claim. Bontly responds that the SAC adequately alleges that two persons

---

[2] Bontly also moved to extend time to file his response. ECF No. 31. Audi does not oppose the motion. So I grant Bontly's motion for additional time to file his response and will consider his response.

2

intended to accomplish an unlawful objective. Bontly does not respond to Audi's intra-corporate conspiracy doctrine argument.

"An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983). Civil conspiracy "require[s] an agreement, . . . whether explicit or tacit." *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001) (quotation omitted). Additionally, the intra-corporate conspiracy doctrine limits civil conspiracy claims against corporations. Under that doctrine, "[a]gents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." *Collins*, 662 P.2d at 622.

First, Audi argues that Bontly's claim fails because "the purportedly unlawful act underlying his claim is not a tort." ECF No. 29 at 5. But civil conspiracy liability requires pleading "an unlawful objective, not necessarily a tort." *Cadle Co. v. Woods & Erickson, LLP*, 345 P.3d 1049, 1052 (Nev. 2015) (en banc). The complaint alleges that the conspiracy's unlawful objective was to "depriv[e] Plaintiff of repairs and/or services that Plaintiff would otherwise be entitled to for his Audi Vehicle." ECF No. 28 at 18. So it appears that the unlawful objective was to breach Bontly's warranty agreement, which is the basis of Bontly's entitlement to repairs. Audi does not indicate why breach of contract or breach of warranty is not an unlawful objective for the purposes of civil conspiracy.

Second, Audi argues that the conspiracy claim fails because Audi cannot conspire with its agents under the intra-corporate conspiracy doctrine. The SAC broadly alleges that Audi conspired with its "agents, cohorts, [and] third-parties." ECF No. 28 at 18. Though Bontly does

3

not expressly identify the parties to the conspiracy, his briefing and the facts alleged in the SAC imply that Audi is conspiring with Audi dealerships.  The SAC alleges that Audi dealerships are agents of Audi, and Audi has not challenged the sufficiency of those allegations. ECF No. 28 at 6-7.  To the extent that Audi dealerships are Audi's agents, the intra-corporate conspiracy doctrine bars Bontly's conspiracy claim.  But Bontly suggests that he is pleading that the dealers are Audi's agents in the alternative. *See* ECF No. 28 at 6.  And in the alternative, if the Audi dealerships are found not to be Audi's agents, then the intra-corporate conspiracy doctrine would not bar Bontly's conspiracy claim.  So Audi has not shown that the intra-corporate conspiracy doctrine bars this claim under this alternative theory.

       Finally, Audi argues that Bontly fails to allege facts showing that Audi and the Audi dealerships agreed to engage in an unlawful objective.  Bontly responds by copying and pasting allegations from the complaint and asserting that they are "quite clear" and "rather specific" that "two or more persons" agreed to accomplish an unlawful objective, even though he does not name these persons or explain what facts in the SAC show an agreement. ECF No. 34 at 8-9.  Setting aside Bontly's unilluminating response, the SAC alleges that Bontly took his vehicle to Audi Sahara and Audi of Henderson for repair after two other car shops (Eurotek and Foley Motor Sports) told him that the car needed repairs and was still under a manufacturer's warranty. ECF No. 28 at 4-5.  Bontly paid for an engine and transmission replacement out of pocket after visiting Audi Sahara and Audi of Henderson. *Id.* at 5-6.  During these visits to the Audi dealerships, Audi "and the dealership[s] refused to perform any warranty work on the Vehicle despite multiple requests for the same." *Id.* at 6.  Drawing reasonable inferences from the SAC's facts in Bontly's favor, these two dealerships refused to honor the warranty because Audi told them to "refuse or minimize warranty work" and "warranty repairs" for vehicles that would

4

"otherwise be entitled to" warranty work. *Id.* at 9. These allegations plausibly, but barely, allege that Audi and the Audi dealerships agreed to deny Bontly repair work under the manufacturer's warranty. Therefore, I deny Audi's motion to dismiss Bontly's civil conspiracy claim.

        ***B.    I deny Audi's motion to dismiss Bontly's request for punitive damages because he may recover punitive damages under his NDTPA and unjust enrichment claims.***

Audi argues that I should dismiss Bontly's request for punitive damages because he fails to plead facts satisfying Nevada Revised Statutes (NRS) § 42.007 and fails to plead facts showing that Audi acted with oppression, fraud, or malice. Bontly responds that the complaint alleges that Audi acted with oppression, fraud, or malice because Audi "went out of their way through the Audi Dealers . . . to refuse to perform warranty work, void warranties or take other actions" to avoid performing warranty repairs. ECF No. 34 at 7.

To be entitled to punitive damages, a plaintiff must prevail on a claim that justifies them. Bontly styles his request for punitive damages as a "[c]ause of [d]amages." ECF No. 28 at 18. That is not a thing. Instead, an award for punitive damages is a remedy and generally must be "based upon a cause of action sounding in tort." *Sprouse v. Wentz*, 781 P.2d 1136, 1138 (Nev. 1989). An "unjust enrichment claim can support punitive damages." *UnitedHealthCare Ins. Co. v. Fremont Emergency Servs. (Mandavia), Ltd*, 570 P.3d 107, 125 (Nev. 2025) (en banc). And the NDTPA allows for treble damages. NRS § 598.0999(3).

Punitive damages are not available for the SAC's warranty claims because they are contract-based. *See Insurance Co. of the West v. Gibson Tile Co.*, 134 P.3d 698, 703 (Nev. 2006) (en banc) ("the award of punitive damages cannot be based upon a cause of action sounding solely in contract"). However, the SAC contains claims for violation of the NDTPA and for

unjust enrichment.[3] Audi does not move to dismiss those claims. Bontly may recover punitive damages for his unjust enrichment claim if he shows at trial by clear and convincing evidence that Audi "has been guilty of oppression, fraud or malice, express or implied." NRS § 42.005(1). And he may recover treble damages for his deceptive trade practices claim if he shows a "knowing and willful engagement" in a deceptive trade practice. NRS § 598.0999(3).

At the motion to dismiss stage, Bontly is only required to state the "bare minimum of facts that could plausibly give rise to punitive damages." *Donor Network W. v. Nevada Donor Network, Inc.*, No. 3:23-CV-00632-ART-CSD, 2025 WL 326980, at *5 (D. Nev. Jan. 29, 2025) (simplified). The gist of Bontly's NDTPA claim is that Audi misrepresented its vehicle warranty in its advertisements and representations to Bontly and the public, constituting a deceptive trade practice under NRS § 598.0915. ECF No. 28 at 17. The SAC alleges that Audi advertised and provided a warranty for its vehicles that it had no intention of honoring. ECF No. 28 at 9, 17. Audi also allegedly directed its dealerships not to honor the manufacturer's warranty. *Id.* at 9. Similarly, Bontly's unjust enrichment claim alleges that Audi was able to sell him an engine by intentionally denying his warranty repair requests. *Id.* at 13. These actions may constitute knowing and willful, oppressive, or malicious conduct depending on the facts shown at trial. Audi does not explain why none of these factual allegations could support punitive or treble damages as a matter of law. So the SAC plausibly alleges that Audi is liable for punitive or statutory damages based on its own conduct under both the NDTPA and unjust enrichment claims.

---

[3] To the extent the SAC alleges that Audi and the Audi dealerships conspired to commit fraud, *see* ECF No. 28 at 19 (¶ 85), that claim is not pleaded with particularity under Federal Rule of Civil Procedure 9(b) and is not a basis for punitive damages.

Bontly also renews the allegation that Audi is also liable for punitive damages under NRS § 42.007 due to the conduct of its employees. I previously dismissed Bontly's claim for punitive damages on this theory because he failed to plausibly allege an agency relationship between Audi and the Audi dealerships, nor did he plausibly allege facts supporting punitive damages under any other basis listed in NRS § 42.007(1). ECF No. 26 at 11. The SAC now alleges facts that, making reasonable inferences in Bontly's favor, show that Audi authorized Audi dealerships to deny warranty services and ratified the dealerships' improper denial of warranty services. ECF No. 28 at 6-7. Though the SAC does not name which officer or managing agent ratified these decisions, it cites two Audi dealerships that allegedly both denied him service under the warranty. *Id.* The fact that two dealerships failed to perform work under a warranty that Audi issued may support the inference that a managing agent at Audi directed the dealerships to deny warranty service. Therefore, these allegations plausibly, but barely, plead facts sufficient to show that Audi had a policy of denying warranty service. Because Bontly plausibly satisfies the requirements of NRS § 42.007, I will not dismiss his request for punitive damages with respect to the conduct of the Audi dealerships. Therefore, I will not dismiss Bontly's request for punitive damages whether based on Audi's own conduct or the conduct of its dealerships.

        **C.**    ***I deny Audi's motion to strike Bontly's conspiracy claim and added allegations in support of damages.***

Audi moves to strike the SAC's civil conspiracy claim and rogue portions of the SAC because they exceed the scope of his leave to amend. These allegedly rogue portions include

7

assertions supporting damages that were not present in the FAC.[4] Bontly responds that my dismissal order did not limit what allegations he could make to support damages for the claims I did not dismiss. He also argues that, at any rate, leave to amend to include his new allegations is appropriate.

I have the discretion to strike claims in an amended complaint that exceed the scope of amendment permitted in my previous dismissal order. *See Lizza v. Deutsche Bank Nat'l Tr. Co.*, 714 F. App'x 620, 622 (9th Cir. 2017). My previous order dismissed the FAC's fraud-based claims and request for punitive damages and indicated that Bontly's case "may proceed on the remaining claims." ECF No. 26 at 11-12. I granted Bontly leave to "file a Second Amended Complaint curing the defects" I had pointed out. *Id.* at 12. Though I did not expressly grant Bontly leave to assert new claims or allegations, his civil conspiracy and NDTPA claims are sufficiently related to the core allegations made in the FAC that I will allow him to include them in the SAC. For the same reason, I permit him to include the new allegations supporting damages for the claims I did not dismiss in the FAC.

### III. CONCLUSION

I THEREFORE ORDER that Audi's motion to dismiss or, alternatively, to strike **(ECF No. 29) is DENIED.**

I FURTHER ORDER that Bontly's motion to extent time to file a response **(ECF No. 31) is GRANTED.**

/ / / /

/ / / /

---

[4] The SAC also adds an NDTPA claim, but Audi does not mention the NDTPA claim in its motion.

8

I FURTHER ORDER the clerk of court to terminate Audi AG as a defendant in this case.

DATED this 11th day of September, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE